The Berkman Law Office, LLC
Robert J. Tolchin, Esq. (NJ Bar # 053341992)
*Attorneys for the Defendant*
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
718-855-3627

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------------- X

YITZHAK IFERGAN,

Docket no. 20-cv-1064

Plaintiff,

**COMPLAINT**

-against-

Jury trial demanded

DANIEL OVADIA a/k/a Daniel Obadia, a/k/a Chalom
M. Amoyelle; CHALOM AMOYELLE; OBADIA
UNIVERSAL, LLC; and JACKSON LAKEWOOD,
LLC,

Defendants.

---------------------------------------------------------------------- X

Plaintiff, complaining of the defendants, by his attorneys, THE BERKMAN LAW

OFFICE, LLC, alleges for his complaint, upon information and belief, as follows:

**THE PARTIES**

1.      At all times relevant to this complaint, the plaintiff, YITZHAK IFERGAN

("IFERGAN"), is a natural person, and is a citizen and resident of the State of Israel.

2.      Upon information and belief, at all times relevant to this complaint, the defendant

DANIEL OVADIA ("OVADIA") is a natural person and is a citizen and resident of the State of

New Jersey.

-2-

3.      Upon information and belief, at all times relevant to this complaint, the defendant OVADIA is also known as Daniel Obadia.

4.      Upon information and belief, at all times relevant to this complaint, the defendant OVADIA is also known as Chalom M. Amoyelle, as indicated on a document entitled Affidavit of Title executed on October 26, 2006 before a notary public (Ex. A).

5.      Upon information and belief, at all times relevant to this complaint, the defendant Chalom M. Amoyalle ("AMOYALLE"), if not the same person as defendant OVADIA, is a natural person and is a citizen and resident of the State of New Jersey, and is affiliated in some way, presently unknown, with the defendant OVADIA.

6.      Upon information and belief, at all times relevant to this complaint, the defendant OBADIA UNIVERSAL, LLC is a limited liability company organized and existing pursuant to the laws of the State of New Jersey, as indicated on the records from the New Jersey Division of Revenue and Enterprise Services annexed hereto as Ex. B.

7.      Upon information and belief, at all times relevant to this complaint, the defendant OVADIA is the sole member of OBADIA UNIVERSAL, LLC, as indicated on Ex. B.

8.      Upon information and belief, at all times relevant to this complaint, the defendant JACKSON LAKEWOOD, LLC is a limited liability company organized and existing pursuant to the laws of the State of New Jersey, as indicated on the records from the New Jersey Division of Revenue and Enterprise Services annexed hereto as Ex. C.

9.      Upon information and belief, at all times relevant to this complaint, the defendant OVADIA is the sole member of JACKSON LAKEWOOD, LLC, as indicated on Ex. C.

## JURISDICTION

10.     This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000.

11.     Venue is proper in this court as the occurrence that gives rise to this case took place in New Jersey.

## THE UNDERLYING FACTS

12.     In or about October 2006, Plaintiff IFERGAN invested $640,000 with defendant OVADIA for the purpose of purchasing real estate in New Jersey.

13.     The aforementioned investment was made on a joint venture basis, with each party to share the profits and losses in proportion to their respective investments.

14.     On or about October 26, 2006, the defendant OVADIA caused his wholly controlled entity defendant OBADIA UNIVERSAL LLC to purchase real property in New Jersey located at 38 Valley Road, Jackson, New Jersey 08537 ("Property"), as is evidenced by the deed from Al Poling to OBADIA UNIVERSAL LLC recorded with the County Clerk of Ocean County, New Jersey on November 9, 2006 (Ex. D).

15.     According to the deed, the purchase price was $640,000 (Ex. D).

16.     Upon information and belief, after the purchase the Property was rented out and rent was collected by defendant OVADIA.

17.     On or about May 25, 2011, the defendant OVADIA caused his wholly owned entity defendant OBADIA UNIVERSAL LLC to convey the Property to another entity wholly owned by OVADIA, the defendant JACKSON LAKEWOOD, LLC, as is evidenced by the deed

-3-

from OBADIA UNIVERSAL LLC to JACKSON LAKEWOOD, LLC recorded with the County Clerk of Ocean County, New Jersey on May 25, 2011 (Ex. E).

18.     According to the deed, the purchase price for the conveyance from OBADIA UNIVERSAL LLC to JACKSON LAKEWOOD, LLC was one dollar, indicating that this was a symbolic consideration and a transfer between alter egos, not a true sale.

19.     On the affidavit of consideration attached to the deed from OBADIA UNIVERSAL LLC to JACKSON LAKEWOOD, LLC, which was signed by OVADIA on behalf of OBADIA UNIVERSAL LLC, an exemption to paying a filing fee was requested on the ground that the consideration was "less than one US dollar" and one of the boxes under "related legal entities to legal entities" was checked.

20.     Upon information and belief, after the purchase the Property was rented out and rent was collected by defendant OVADIA.

21.     On or about February 2, 2017, the defendant OVADIA caused his wholly owned entity defendant JACKSON LAKEWOOD, LLC to convey the Property to another entity, VALLEY RIDGE ESTATES, LLC, as is evidenced by the deed from JACKSON LAKEWOOD, LLC to VALLEY RIDGE ESTATES, LLC recorded with the County Clerk of Ocean County, New Jersey on February 7, 2017 (Ex. F).

22.     According to the deed, the purchase price for the conveyance from JACKSON LAKEWOOD, LLC to VALLEY RIDGE ESTATES, LLC was $850,000.

23.     Plaintiff does not know at this time whether there is any connection besides an arm's length transaction between any of the defendants and VALLEY RIDGE ESTATES, LLC. Plaintiff reserve the right to amend this complaint to assert claims against VALLEY RIDGE ESTATES, LLC if facts come to light to support such a claim.

-4-

24.     The defendants have failed and refused to repay plaintiff's original $640,000 investment, and have failed and refused to account to the plaintiff for the profits and/or losses of this investment.

25.     Plaintiff has been damaged in the amount of his entire $640,000 investment, as well as his equitable share of any profits the investment yielded.

## AS AND FOR A FIRST CLAIM FOR RELIEF

26.     Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

27.     As an investor, co-venturer, joint venturer, and/or partner, Plaintiff was entitled to receive his equitable share of any profits of the venture, and was required to share in any losses.

28.     This particular venture involved the purchase of real property for $640,000, holding it and renting it out for 11 years, and then selling it for $850,000.

29.     Plaintiff has received no information, has received no share of the profits, has not been asked to participate in any losses, and has been denied an accounting of the profits and losses of this venture.

30.     Plaintiff is entitled to a full judicial accounting of the venture, and upon such accounting being rendered plaintiff is entitled to receive his equitable share of any profits of the venture from its inception.

## AS AND FOR A SECOND CLAIM FOR RELIEF

31.     Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

32.     Plaintiff invested $640,000 with Defendant OVADIA subject to an agreement that the funds would be used to purchase real estate, with the profits and/or losses to be divided according to the parties' respective investments.

33.     Defendants have breached their agreement with Plaintiff by keeping all the profits and failing to pay Plaintiff his share, during the 11 years the property was rented and after the sale of the property for $850,000, a price that was $210,000 above the purchase price.

34.     By reason of the foregoing, Plaintiff is entitled to recover damages in the amount of his equitable share of the profits.

### AS AND FOR A THIRD CLAIM FOR RELIEF

35.     Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

36.     The defendants have received a benefit at the expense of Plaintiff.

37.     Retention of the benefit by Defendants is inequitable.

38.     The defendants have been unjustly enriched.

39.     By reason of the foregoing, the plaintiff is entitled to recover the full extent of his damages, in an amount to be determined by the jury at trial.

### AS AND FOR A FOURTH CLAIM FOR RELIEF

40.     Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

41.     Plaintiff provided his investment funds in the amount of $640,000 to Defendant OVADIA personally.

42.     OVADIA utilized the funds to purchase the Property in the name of Defendant OBADIA UNIVERSAL LLC.

43.     Upon information and belief, OBADIA UNIVERSAL LLC was formed shortly before the Property was purchased and had no assets other than the money received from Plaintiff.

44.     OBADIA UNIVERSAL LLC transferred the Property to JACKSON LAKEWOOD, LLC for nominal consideration of one dollar, despite that the property had been purchased for $640,000 and was plainly worth vastly more than one dollar.

45.     Because there was no consideration paid for the above transactions, and because the entities involved are wholly controlled and owned by OVADIA, and operated without observance of the required corporate formalities, the above transactions are shams, and are fraudulent conveyances that must be set aside or disregarded to the extent they leave Plaintiff, a creditor, without remedy.

46.     It is unknown to Plaintiff at this time whether the $850,000 sale proceeds from selling the Property remain in JACKSON LAKEWOOD, LLC or whether they have been transferred by OVADIA somewhere else.

47.     For the purposes of providing a remedy to Plaintiff, a creditor of OVADIA, the transfers must be set aside or disregarded pursuant to the New Jersey Uniform Fraudulent Transfer Act, N.J.S.A. §§ 25:2-20 *et seq.*

48.     By reason of the foregoing, Plaintiff is entitled to recover the full extent of his damages against all Defendants.

## JURY TRIAL DEMANDED

49.     Plaintiff demands a trial by jury of all issues triable to a jury.

**WHEREFORE**, the plaintiff demands judgment against the defendants in the amounts and for the relief requested herein, plus attorney's fees to the extent permitted by law.

Dated:   Brooklyn, New York
         January 30, 2020

Yours,

THE BERKMAN LAW OFFICE, LLC
*Attorneys for Plaintiff*

by:   Robert J. Tolchin

111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627