UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

YITZHAK IFERGAN,

                        Plaintiff,

        -against-

DANIEL OVADIA a/k/a Daniel Obadia, a/k/a
Chalom M. Amoyelle; CHALOM AMOYELLE;
OBADIA UNIVERSAL, LLC; and JACKSON
LAKEWOOD, LLC,

                        Defendants.

Case No.: 3:20-cv-1064 (FLW) (TJB)

**DECLARATION**

---

       DANIEL OBADIA[1], pursuant to 28 U.S.C. § 1746, declares under the penalty of perjury as follows:

       1.      I am the Defendant named herein.  I make this Declaration in support of my Motion to Vacate the Default Judgment entered in this case.  First, let's be clear about who the parties are.  I am not Chalom M. Amoyelle.  As will be explained below, Mr. Amoyelle is another person and is not me nor is it a name that I have used or am known as.

       2.      Defendants OBADIA UNIVERSAL, LLC; and JACKSON LAKEWOOD, LLC (collectively the "LLC's") are entities I owned that owned the real property located at 38 Valley Road, Jackson, New Jersey 08537 (the "Property").  Through the LLC's I purchased the Property in 2006 and sold it in 2017.  The LLC's have been inactive since then.

       3.      I know the Plaintiff Yithak Ifergan.  We had a business relationship many years ago that did not end on good terms.  However, Mr. Ifergan never invested $640,000 in the Property.  I paid for the purchase of the Property in 2006 with (i) funds that were wired from

---

[1] The correct spelling of my name is Obadia.  The caption is incorrect.

1

France from a company that owed me money from electronics and furniture businesses, and (ii) my own personal funds.  Mr. Ifergan did not pay money to the seller and never paid any of the expenses of the Property.

4.      After the LLC's purchased the Property Mr. Ifergan never received any distributions from rental income.  Nor should he have received anything.  He had nothing to do with this Property.

5.      This seems to be his game.  He sued another friend of his in Israel claiming that he really owned a certain property in Israel that was not titled in his name.  The court there rejected Mr. Ifergan's claim and wrote that he did not present any evidence that he actually owned that property.  Attached as Exhibit A is a translation of the Israeli court decision dated December 24, 2014, denying his claim, issued by the District Court of Jerusalem, in the case of *Ifergan v. Barens*.

6.      I bought the Property in 2006 and sold it in 2017.  After paying all of the expenses for eleven years, including the real estate taxes, the investment was not profitable.  My other business dealings with Mr. Ifergan were unrelated to the Property.

**The Default Judgment**

7.      I was first served with papers that indicated the entry of the default judgment in 2022 when Mr. Ifergan served me with papers regarding his attempt to enforce his judgment on my parents' apartment in Jerusalem.  My parents live in Jerusalem.  I am listed as a co-owner of that apartment with my parents because when they purchased it and needed a mortgage they were told that they had to have someone under the age of 50 on the deed.  That enforcement action is proceeding in Israel.

8.     I was never served with any papers regarding a proposed or actual default judgment.  I thought I had an attorney taking care of this case.  Let me explain.

9.     As stated in the Affidavit of Service (ECF Doc. #14) I was at 1121 Sage Street in Far Rockaway, New York on February 18, 2020 when an individual approached me and placed some papers on my car.  It was the Summons and Complaint in this case.  That address is a synagogue and ritual bath that I was visiting.  It is not my home or business address.

10.    I got in touch with an attorney in Lakewood, New Jersey named David Steinmetz.  Mr. Steinmetz was recommended by a friend in that area.

11.    Mr. Steinmetz was paid $5,000 to represent me.  I told him that Mr. Ifergan had nothing to do with the Property and I assumed he was handling it.  Attached as Exhibit B is a printout of a running text message chat that I had with Mr. Steinmetz from June 2020 through August 2021.  He never told me that there was a default judgment.[2]

12.    Additionally, in the judgment enforcement proceedings in Israel, Mr. Ifergan filed papers including a copy of email correspondence between Mr. Ifergan's counsel and Mr. Steinmetz.  A copy of those emails are attached as Exhibit C.  Clearly, they were in contact but either Mr. Tolchin did not notify Mr. Steinmetz about the default judgment or Mr. Steinmetz knew but did not tell me.[3]

13.    In my mind, this case had no merit and I thought that my lawyer would tell Mr. Ifergan's lawyer that Mr. Ifergan is mistaken and did not invest in the Property and that would be the end of it.  I thought that was why I never heard anything about the case again.

---

[2] In the text chat the writing following "NY Mohel" is mine.
[3] My current attorney has tried to reach Mr. Steinmetz but he has not returned his call.

3

14. Apparently, no Answer was filed on my behalf and Mr. Ifergan moved for a default judgment. I never received a copy of that application as it was only electronically filed and not sent to me. *See* ECF Doc. #20.

15. On January 14, 2021, the Court granted the application for a default judgment and ordered that "Defendants are directed to deliver their books and records related to the Property to Plaintiff for an accounting of all profits and losses associated with the Property from its purchase in October 2006 to its sale in February 2017." I never received that Order.

16. A review of the Affidavit of Service of that Order explains why I never received it. The Affidavit of Service, ECF Doc. #22 attached hereto as Exhibit D, states that Plaintiff's counsel's office mailed the Order to me at (i) an address for the LLC's (114 Madison Avenue, Lakewood, NJ) that has not been my office address for over ten years; and (ii) 1120 McBride Street, Far Rockaway, NY 11691 that was not my home or business address.

17. I believe that Mr. Ifergan purposely sent the Order to wrong addresses for me so that I would not be able to respond. He knew my home address in Cedarhurst, New York (the papers for the Israeli enforcement action were served there) and also knew that I was the Rabbi of a synagogue in Cedarhurst. Yet he did not have the Order served at either of those locations.

18. Mr. Ifergan did not want me to find out about the default judgment until it was already entered and filed. He knows that if the Court were to hear this case on its merits he would lose because he has no evidence that he actually invested $640,000 in the Property because he didn't.

19. Nor does Mr. Ifergan's version of the events as pleaded in the Complaint even make sense. He says that he invested the money, but he never paid any other expenses or received any distributions. He never asked for information about the Property for eleven years

4

and would only gain if the Property was sold.  What if it was never sold?  He seems to have had no control over that.  No rational real estate investor would have made a deal like that.

20.    Furthermore, as I stated initially, one of the basic assumptions of Plaintiff's case is absolutely false.  I am not Chalom Amoyelle.  Accompanying this Declaration is a Declaration of the real Chalom Amoyelle.  As he states, he introduced me to the buyer of the Property.  Mr. Ifergan has known me for many years.  He knows that I am not Chalom Amoyelle.  I think he is just trying to paint a picture of me as some kind of swindler who uses other names.  It is not true.

21.    If the Court reopens this case and vacates the Default Judgment, Mr. Ifergan will have to meet his burden of proof and show that he paid $640,000 for the Property.  He will not be able to do so.

22.    I declare under penalties of perjury that the foregoing is true and correct.

WHEREFORE, for the reasons stated herein and in the accompanying documents, the Motion to Vacate the default Judgment should be granted.

Dated: Cedarhurst, New York
       June 27, 2023

_____
DANIEL OBADIA

5