# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

———————————————————————— x

YITZHAK IFERGAN,

        Plaintiff,         **Civil Action No.: 20-1064 (FLW) (TJB)**

                    **AFFIDAVIT OF SERVICE**

   -against-

DANIEL OVADIA a/k/a Daniel Obadia, a/k/a Chalom M.
Amoyelle; CHALOM AMOYELLE; OBADIA UNIVERSAL,
LLC; and JACKSON LAKEWOOD, LLC.

         Defendant.

———————————————————————— x

STATE OF NEW YORK   )
            ) ss.:
COUNTY OF KINGS    )

    **FRANCA TALAVERA**, being duly sworn, deposes and says:

    I am not a party to the action, am over 18 years of age and reside in Richmond County, New York.

    On January 14, 2021, I served the within **ORDER OF THE COURT ISSUED ON JANUARY 14, 2021** upon defendants:

           **Chalom Amoyelle**
           **700 Park Avenue**
           **Lakewood, New Jersey 08701**

           **Obadia Universal, LLC**
           **114 Madison Avenue, Suite A6**
           **Lakewood, New Jersey 08701**

           **Daniel Ovadia**
           **114 Madison Avenue, Suite A6**
           **Lakewood, New Jersey 08701**

           **Jackson Lakewood, LLC**
           **c/o Daniel Obadia**
           **1120 McBride Street**
           **Far Rockaway, New York 11691**

           **Daniel Ovadia a/k/a**
           **Daniel Obadia a/k/a**

**Chalom M. Amoyelle**
**1121 Sage Street**
**Far Rockaway, New York 11691**

by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the

exclusive care and custody of the United States Postal Service <u>Via: Regular Mail</u> within New York State,

addressed to each of the above named defendant at the last known address set forth after each name.

Sworn to before me this
18th Day of January, 2021

Notary Public

    Franca Talavera

VALERY YERUSALIMSKY
Notary Public, State of New York
No. 01YE4969411
Qualified in Kings County
Commission Expires Dec. 2, 2021

# THE BERKMAN LAW OFFICE, LLC

111 Livingston Street, Suite 1928
Brooklyn, New York 11201

Tel: (718) 855-3627

Fax: (718) 855-4696

January 14, 2021

Chalom Amoyelle
700 Park Avenue
Lakewood, New Jersey 08701

Obadia Universal, LLC
114 Madison Avenue, Suite A6
Lakewood, New Jersey 08701

Daniel Ovadia
114 Madison Avenue, Suite A6
Lakewood, New Jersey 08701

Jackson Lakewood, LLC
c/o Daniel Obadia
1120 McBride Street
Far Rockaway, New York 11691

Daniel Ovadia a/k/a
Daniel Obadia a/k/a
Chalom M. Amoyelle
1121 Sage Street
Far Rockaway, New York 11691

> **Re:** *Yitzhak Ifergan v. Daniel Ovadia, et al.*
> **United States District Court: District of New Jersey**
> **Civil Action No.: 20-1064 (FLW)(TJB)**

Dear Sir or Madam:

Enclosed please find an Order of the Court issued on January 14, 2021. Please note that the Order requires you to provide an accounting within 30 (thirty) days.

Should you have any questions with regards to the above, please do not hesitate to contact this office to speak to the Attorney handling this matter, Robert J. Tolchin, Esq.

Thank you.

Very truly yours,
THE BERKMAN LAW OFFICE, LLC.

Franca Talavera
Paralegal

Enc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| YITZHAK IFERGAN, | : | Civil Action No. 20-1064 (FLW) (TJB) |
| Plaintiff, | : | |
| v. | : | **ORDER** |
| DANIEL OVADIA a/k/a Daniel Obadia, a/k/a Chalom M. Amoyelle; CHALOM AMOYELLE; OBADIA UNIVERSAL, LLC; and JACKSON LAKEWOOD, LLC, | : | |
| Defendants. | : | |

**THIS MATTER** comes before the Court on a Motion for Default Judgment filed by Robert J. Tolchin, Esq., counsel for Plaintiff Yitzhak Ifergan ("Plaintiff"); it appearing that Defendants Daniel Ovadia ("Ovadia"), Chalom Amoyelle ("Amoyelle"),[1] Obadia Universal, LLC ("Obadia Universal"), and Jackson Lakewood, LLC ("Jackson Lakewood") (collectively "Defendants"), have not opposed the Motion; the Court having reviewed the submissions in connection with the Motion pursuant to Federal Rule of Civil Procedure 78, makes the following findings:

**FACTUAL BACKGROUND**

1. According to Plaintiff, he and Ovadia entered into a joint venture agreement ("Agreement") to purchase real property, wherein they agreed to divide any profits and losses in proportion to their respective contributions. (Compl., ¶ 13).

---

[1]   As alleged in the Complaint and further explained in Plaintiff's Motion for Default Judgment, Ovadia also uses the name Chalom M. Amoyelle, and therefore, these defendants are the same individual.

1

2. In or about October 2006, Plaintiff alleges that he invested $640,000 with Ovadia's wholly owned entity, Obadia Universal, in connection with the parties' Agreement for the purpose of purchasing real property located at 38 Valley Road, Jackson, New Jersey ("Property"). The purchase price of the Property was $640,000. (Compl., ¶ 15).

3. Several years later, on or about May 25, 2011, Plaintiff alleges that Ovadia caused Obadia Universal to transfer the Property to another entity he controlled, Jackson Lakewood, for nominal consideration. (Compl., ¶ 17).

4. Thereafter, on or about February 2, 2017, Ovadia purportedly caused Jackson Lakewood to convey the Property to Valley Ridge Estates, LLC in exchange for a price of $850,000. (Compl., ¶¶ 12-22).

5. Plaintiff claims that Defendants have failed and refused to repay Plaintiff his original investment of $640,000, and they have failed and refused to account to Plaintiff for the profits and/or losses of this investment in accordance with the Agreement, including purported rental income collected by Ovadia between October 2006 and February 2017. (Compl., ¶¶ 24).

## PROCEDURAL HISTORY

6. On January 30, 2020, Plaintiff commenced the above-captioned action in this Court by filing a Complaint against Defendants, asserting claims for a judicial accounting, breach of contract, unjust enrichment, and violation of the New Jersey Uniform Fraudulent Transfer Act, N.J.S.A. § 25:2-20 *et seq.* (ECF No. 1.) The Clerk of the Court issued summonses for Defendants on January 30, 2020. (ECF No. 6.)

7. On February 6, 2020 and February 18, 2020, Plaintiff effected service on Ovadia by personally serving him with a copy of the Summons and Complaint, pursuant to Fed. R. Civ. P. 4(e)(2)(A),

at 114 Madison Avenue, Suite A6, Lakewood, New Jersey 08701 and 1121 Sage Street, Far Rockaway, New York 11691. (ECF Nos. 14 and 15.)[2]

8. On February 19, 2020, Plaintiff also effectuated service on Obadia Universal, LLC via the New Jersey Secretary of State. (ECF No. 19.)

9. On May 14, 2020, the Clerk of the Court entered default against Defendants, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, based on Defendants' failure to file a responsive pleading or otherwise appear in this action.

10. On October 29, 2020, Plaintiff filed a Motion for Default Judgment. (ECF No. 20.)

11. Defendants have not filed opposition to Plaintiffs' Motion for Default Judgment, nor have they filed a responsive pleading in this action.

## LEGAL STANDARD

12. The Court may enter default judgment under Federal Rule of Civil Procedure 55(b)(2) against a properly served defendant who does not file a timely responsive pleading. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). Although cases are to be decided on their merits where practicable, whether to grant a motion for default judgment is "largely a matter of judicial discretion." *Id.* In ruling on a motion for default judgment, the Court accepts the well-pleaded factual allegations in the complaint as true but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages," and must

---

[2] At all relevant times, Ovadia also served as an officer of Obadia Universal. This is confirmed by Ovadia's Affidavit of Title attached as Exhibit A to the Complaint, in which Ovadia is identified as the "President" of Obadia Universal. Additionally, the records of the State of New Jersey Department of the Treasury Division of Revenue and Enterprise Services indicate that Ovadia is the Registered Agent and the Chief Executive Officer of Obadia Universal. (*See* Compl., Ex. B.) Further, the deed dated May 25, 2011, conveying the Property from Obadia Universal to Jackson Lakewood was signed by Ovadia, in his capacity as "Manager" of Obadia Universal. (*See* Compl., Ex. E.)

3

"ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Id.* at 535–36; *see also DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005) (stating that "the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant for purposes of a default judgment").

13. In addition to determining that the facts state a legitimate cause of action and that the movant has established its damages, the Court must "make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). The Court must also be satisfied that it has subject matter and personal jurisdiction, and that the defendant was properly served. *See Joe Hand Promotions, Inc. v. Batra*, No. 15-5863, 2017 WL 838798, at *2 (D.N.J. Mar. 2, 2017).

## DISCUSSION

14. First, the preliminary requirements for entry of default judgment are met. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000. Plaintiff is a citizen of Israel, while it appears that Defendants are New Jersey residents and were properly served in accordance with the Federal Rules of Civil Procedure. This suffices for personal jurisdiction. Defendants have not answered the Complaint and Default has been entered against them.

15. Next, the Court must determine whether Plaintiff's Complaint states a claim against Defendants. In conducting this inquiry, the Court accepts as true a plaintiff's well-pleaded

4

Case 3:20-cv-01064-FLW-TJB Document 32-7 Filed 02/06/28/28 Page 9 of 19 PageID:
Case 3:20-cv-01064-FLW-TJB Document 21 Filed 01/14/21 Page 9 of 9 PageID:
20421

factual allegations while disregarding its mere legal conclusions. *See Directv, Inc. v. Asher*, No. 03-1969, 2006 WL 680533 at *1 (D.N.J. Mar. 14, 2006).

16. Here, Plaintiff has properly stated a claim for breach of contract against Defendants.[3] To state a claim for breach of contract under New Jersey law, a plaintiff must establish "(1) a valid contract, (2) breach of that contract, and (3) damages resulting from that breach." *Jackson Hewitt Inc. v. Gleason*, No. 13-0510, 2013 WL 6384650, at *1 (D.N.J. Dec. 6, 2013).

17. Accepting Plaintiff's allegations as true, Plaintiff had a valid Agreement with Ovadia, whereby Plaintiff and Ovadia agreed to jointly contribute money for the acquisition of real property. (Compl., ¶ 13.) As part of the Agreement, Plaintiff alleges that he and Ovadia agreed to share the profits and losses associated with the acquisition and eventual sale of the real property in proportion to their respective investments. (*Id.*) In connection with the Agreement, Plaintiff alleges that he contributed $640,000 in or about October 2006. (Compl., ¶ 12.) Plaintiff further alleges that Ovadia, operating under the Agreement, purchased real property through his wholly owned entity, Obadia Universal, for $640,000. (Compl., ¶¶ 14-15.) The Court makes the reasonable conclusion that based upon the allegations of the Complaint, Plaintiff's investment of $640,000 was used solely for the purchase of the real property located at 38 Valley Road, Jackson, New Jersey, and that his contribution was not used to purchase multiple properties pursuant to the Agreement. *DIRECTV, Inc. v. Albright*, No. 03-4603, 2003 WL 22956416, at *2 (E.D. Pa. Dec. 9, 2003) (citing *Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994) (permitting reasonable inferences from factual allegations on default judgment review)).

---

[3] It does not appear from Plaintiff's motion papers that he moves for default judgment on Counts III and IV of his Complaint for unjust enrichment and violation of the New Jersey Uniform Fraudulent Transfer Act, respectively. Plaintiff only moves for default judgment on his claim for a judicial accounting (Count I) and breach of contract claim (Count II).

5

For the next ten years, Plaintiff claims that Ovadia collected rental income from the Property. (Compl., ¶ 16.) More than ten years later, in February 2017, Plaintiff alleges that Ovadia sold the Property to Valley Ridge Estates, LLC for $850,000. (Compl., ¶¶ 21-22.) According to Plaintiff, Defendants have failed and refused to repay him the original $640,000 that he invested as part of the Agreement. (Compl., ¶¶ 24-25, 28.) In addition, Plaintiff claims that Defendants have not provided him with an accounting of the profits and/or losses associated with the purchase and sale of the Property, including but not limited to the rental income collected from October 2006 to February 2017.[4] (Id.)

18. Given Defendants' lack of opposition, no meritorious defense is evident from the record. Indeed, because Defendants did not respond to Plaintiff's complaint, the Court "assumes that [they] have no litigable defenses available." Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-0896, 2012 WL 924385, at *5 (D.N.J. Mar. 19, 2012). Accordingly, based on the allegations in the Complaint, the Court finds that Plaintiff has established a claim for breach of contract and is entitled to a judicial accounting. See Cornwell Quality Tools Co. v. Blanco, No. 16-05086, 2018 WL 2441750, at *3 (D.N.J. May 31, 2018).

## DISCRETIONARY FACTORS

19. The discretionary factors also counsel in favor of granting default judgment. To determine whether granting default judgment is proper, the Court must make "factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the

---

[4]     Notably, under New Jersey, the statute of limitations for breach of contract claims is six years. N.J.S.A. 2A:14-1. The Complaint alleges damages outside of the statute of limitations period, specifically as it relates to the rental income collected by Defendants prior to January 30, 2014. Plaintiff, however, has not provided any basis in its initial application for default judgment as to why the statute of limitations should not apply. Following the accounting, Plaintiff should be aware of these time constraints in filing its renewed application.

6

party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008).

20. First, Defendants have not opposed Plaintiff's Motion for Default, and therefore, the current record does not indicate that Defendants have any meritorious defense. *See Malibu Media, LLC v. Deleon*, No. 15-3855, 2016 WL 3452481, at *3 (D.N.J. June 20, 2016) ("The Court may presume that a defendant who has failed to plead, defend, or appear has no meritorious defense."). Accordingly, this factor weighs in favor of granting default judgment.

21. With respect to prejudice, this factor is satisfied because if the Court does not grant default judgment, Plaintiff will be left without recourse against these Defendants. *See Joe Hand Promotions, Inc. v. Old Bailey Corp.*, No. 16-9207, 2018 WL 1327108, at *2 (D.N.J. March 15, 2018); *Joe Hand Promotions, Inc. v. Batra*, No. 15-5863, 2017 WL 838798, at *3 (D.N.J. Mar. 2, 2017) ("[W]ithout a default judgment, Plaintiff has no other means to seek relief for the harm allegedly caused by Defendants.").

22. Finally, the remaining factor regarding Defendants' culpability weighs in favor of granting default judgment. Defendants have not participated in the litigation despite being served with the Complaint approximately one year ago. Indeed, before the entry of default, counsel for Plaintiff states that he received a call from a lawyer who indicated that he was in the process of being retained to represent Defendants in this case. Months later that same lawyer called Plaintiff's counsel again, stating that he was possibly going to be retained to move to vacate the default. That lawyer never entered an appearance in this case, nor did any other lawyer. Based on this information, it is clear that Defendants are aware of this case, but they have chosen not to respond. Thus, Defendants are culpable for defaulting in this case. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984) ("Reckless disregard for repeated

7

communications from plaintiffs and the court, combines with the failures to investigate the source of a serious injury, can satisfy the culpable conduct standard."). As a result, the Court finds that default judgment is appropriate.

## DAMAGES

23. With respect to damages, the allegations in Plaintiff's Complaint are not treated as true upon entry of a default judgment. *Bds. of Trs. of Operating Eng'rs Local 825 Welfare Fund v. Robert Silaey Landscaping. Inc.*, No. 06-1795, 2006 WL 3308578, at *3 (D.N.J. Nov. 13, 2006). A court may conduct hearings to determine the amount of damages or may decline to hold such hearings, "particularly where the amount claimed [is] capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* at **3-4 (internal quotations omitted). In this case, however, it is premature for the Court to award Plaintiff the relief he seeks, which is $850,000,[5] or the full purchase price of the Property, prior to an accounting. The Complaint alleges that the parties agreed to share the profits <u>and</u> losses associated with the Property, and therefore, the Court must first accurately determine those profits and losses before it can render a decision on damages. To be clear, an accounting must be conducted to determine the exact profits and losses associated with the Property from October 2006 to February 2017, including but not limited to the alleged collection of rental income and any taxes or other carrying costs that were presumably paid by Defendants. While Plaintiff would be entitled to the profits derived from the sale of the Property and Defendants'

---

[5] The Court notes that although Plaintiff's Motion for Default Judgment alleges the sale price of the Property to be $850,000 when providing the factual background giving rise to this lawsuit, Plaintiff claims that he is owed "$840,000 plus interest from February 2, 2017[.]" (Declaration of Robert J. Tolchin, Esq. in Support of Plaintiff's Motion for Default Judgment, ¶ 1.) In resolving this inconsistency, the Court looked to the Complaint, which sought $850,000 based on the sale of the Property. (Compl, ¶ 33.)

collection of rental income prior to the sale, those profits would must be offset by any losses sustained by Defendants prior to the eventual sale of the Property.

24. As such, the Court will order Defendants to deliver their books and records related to the Property to Plaintiff for an accounting. Upon completion of the accounting, Plaintiff shall then submit a supplemental application to the Court for damages in the form of a detailed certification with exhibits. The certification must be sufficiently specific, include a breakdown of the profits and losses related to the purchase and sale of the Property, and set forth a sum certain of damages.

Accordingly, for the reasons set forth herein and for good cause shown,

**IT IS** on this 14th day of January, 2021,

**ORDERED** that Plaintiff's motion for default judgment on Counts I and II is **GRANTED**; and it is further

**ORDERED** that within 30 days of the date of this Order, Defendants are directed to deliver their books and records related to the Property to Plaintiff for an accounting of all profits and losses associated with the Property from its purchase in October 2006 to its sale in February 2017; and it further

**ORDERED** that following the accounting, Plaintiff may submit a supplemental application for damages, in the form of a certification with exhibits.

s/ Freda L. Wolfson
Hon. Freda L. Wolfson
U.S. Chief District Judge

9

Case 3:20-cv-00064-ZNQ-TJB Document 32-7 Filed 06/28/21 Page 14 of 19 PageID: 209

THE BERKMAN LAW OFFICE, LLC

111 Livingston Street, Suite 1928
Brooklyn, New York 11201

neopost
01/14/2021
US POSTAGE

FIRST-CLASS MAIL

$00.65⁰

ZIP 11201
041L13808673

Chalom Amoyelle
700 Park Avenue
Lakewood, New Jersey 08701

THE BERKMAN LAW OFFICE, LLC

111 Livingston Street, Suite 1928
Brooklyn, New York 11201



neopost
01/14/2021
US POSTAGE

FIRST-CLASS MAIL

$00.65⁰

ZIP 11201
041L13808673

Obadia Universal, LLC
114 Madison Avenue, Suite A6
Lakewood, New Jersey 08701

# THE BERKMAN LAW OFFICE, LLC

111 Livingston Street, Suite 1928
Brooklyn, New York 11201

neopost
01/14/2021
US POSTAGE

FIRST-CLASS MAIL

$00.65⁰



ZIP 11201
041L13808673

Daniel Ovadia
114 Madison Avenue, Suite A6
Lakewood, New Jersey 08701

THE BERKMAN LAW OFFICE, LLC

111 Livingston Street, Suite 1928
Brooklyn, New York 11201

neopost
01/14/2021
US POSTAGE

FIRST-CLASS MAIL

$00.65⁰

ZIP 11201
041L13808673

Jackson Lakewood, LLC
c/o Daniel Obadia
1120 McBride Street
Far Rockaway, New York 11691

THE BERKMAN LAW OFFICE, LLC

111 Livingston Street, Suite 1928
Brooklyn, New York 11201



neopost
01/14/2021
US POSTAGE

FIRST-CLASS MAIL

$00.65⁰

ZIP 11201
041L13808673

Daniel Ovadia a/k/a
Daniel Obadia a/k/a
Chalom M. Amoyelle
1121 Sage Street
Far Rockaway, New York 11691

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

——————————————————————x

YITZHAK IFERGAN,

                Plaintiff,

        -against-

DANIEL OVADIA a/k/a Daniel Obadia, a/k/a Chalom M.
Amoyelle; CHALOM AMOYELLE; OBADIA UNIVERSAL,
LLC; and JACKSON LAKEWOOD, LLC.

                Defendant.

——————————————————————x

**Civil Action No.: 20-1064 (FLW) (TJB)**

**AFFIDAVIT OF SERVICE**

---

## AFFIDAVIT OF SERVICE

---

**TO:**