**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**ZAHID N. QURAISHI**
UNITED STATES DISTRICT JUDGE

**U.S. COURTHOUSE**
402 EAST STATE STREET, ROOM 4W
TRENTON, NJ 08608

January 23, 2024

**LETTER ORDER**

Re:   **Yitzhak Ifergan v. Daniel Ovadia, *et al.*,**
      **Civil Action No. 20-1064-ZNQ-TJB**

Dear Counsel:

This matter comes before the Court upon the Motion to Vacate Default Judgment (the "Motion," ECF No. 32) filed by Defendant Daniel Obadia[1] ("Defendant"). Plaintiff Yitzhak Iffergan[2] ("Plaintiff") opposed the Motion (ECF Nos. 35–38), to which Defendant replied (ECF No. 45).[3] Having reviewed the parties' submissions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b),[4] for the reasons set forth below and for good cause appearing, the Court **DENIES** the Motion.

Plaintiff filed this lawsuit on January 30, 2020, seeking a judicial accounting and alleging claims for breach of contract, unjust enrichment, and violation of the New Jersey Uniform Fraudulent Transfer Act in connection with an agreement between the parties to invest in real estate (the "Property") on a "joint venture basis." ("Compl.," ECF No. 1 ¶ 13.)

On May 14, 2020, Plaintiff sought and obtained default against Defendant for "failure to plead or otherwise defend." (ECF No. 17; Clerk's docket entry dated May 14, 2020.) Plaintiff subsequently filed a Motion for Default Judgment against Defendant, which the Court granted as to liability on January 14, 2021. (Default Judgment Order, ECF No. 21.) At that time, Defendant had still not appeared in the case. The Court ordered Defendant to "deliver [his] books and records related to the Property for an accounting" within 30 days, so it could also "render a decision on damages." (*Id.* ¶¶ 23–24.) Plaintiff reported that Defendant did not comply (ECF No. 23), so the Court issued an order for Defendant to show cause "as to why [he] should not be held in contempt of the Court's January 14th Order . . . ." ("OTSC," ECF No. 24.)

---

[1] The Complaint identifies Defendant Daniel Obadia as "Daniel Ovadia."

[2] Although the Plaintiff's name is spelled "Ifergan" in the Complaint, subsequent filings from the Plaintiff spell his name as "Iffergan."

[3] The Court will not address Plaintiff's supplemental brief (ECF No. 44) because it denies the Motion based on the parties' original submissions filed in connection therewith.

[4] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

Plaintiff submitted affidavits of service upon Defendant of both the Court's Default Judgment Order and OTSC via mail.[5] (ECF Nos. 22, 25, 28; *see also* ECF No. 26.) Defendant again did not respond to the OTSC or otherwise appear in the action. The Court scheduled a hearing on the Order to Show Cause for July 8, 2021. (ECF No. 27.) Defendant was served with notice of the hearing via mail, but did not attend. (ECF Nos. 28–29.) On July 12, 2021, the Court entered default judgment against Defendant as to the issue of damages, awarding Plaintiff the full amount sought: $850,000 plus pre- and post-judgment interest. (ECF No. 31 at 3.) Defendant filed the instant Motion to Vacate Default Judgment nearly two years later on June 28, 2023.

In his Motion, Defendant asks the Court to vacate the default judgment under Rule 60(b)(6). He argues that Plaintiff will not be prejudiced should the Court grant his Motion because no discovery has yet occurred that would have to be repeated, and the "only consequence would be delay." ("Moving Br." at 6, ECF No. 33.) Defendant also asserts that he has meritorious defenses to Plaintiff's claims—namely, that Plaintiff did not invest in the Property and therefore was not entitled to any accounting of its profits and losses. He submits his own declaration in support of these defenses. (ECF No. 32-2.) Lastly, Defendant argues that the Court should grant his Motion because this case is one of "extraordinary circumstances" given that "[t]he default in this case occurred during the height of the Covid-19 pandemic" and "[t]he defendant did not know that a default was ever requested, let alone granted." (Moving Br. at 7.)

Plaintiff argues that the Motion should be denied because it was not brought within a "reasonable time" and because it fails to meet the "extraordinary circumstances" standard under Rule 60(b)(6). (Opp'n Br. at 15–25.) Moreover, Plaintiff contends that Defendant is himself to blame for being defaulted, as he was personally served with the summons and Complaint and therefore knew about the lawsuit, yet did not even contact a lawyer until June 2020, at which time he "had already been in default for three months." (*Id.* at 23–24; *see also id.* at 14–15 (detailing text messages between Defendant and prospective lawyer showing that Defendant "knew about the case, knew he had to respond, and knew nothing was being done.").) Plaintiff also disputes Defendant's purported defense, and attaches a competing declaration from his own counsel in Israel with a translation of a proceeding in Israel in support of the declaration.[6] (*Id.* at 24–25; *see also* "Zekri Decl." ¶ 9, ECF No. 36; Zekri Decl., Ex. A.)

---

[5] Defendant argues that Plaintiff failed to properly serve him with both the Motion for Default Judgment and the Order granting that motion, because they were sent to the wrong address. (Moving Br. at 4; ECF No. 45, "Reply Br." at 5–6; *see also* ECF No. 32-2, "Obadia Decl." ¶¶ 14–18.) As a first matter, because Defendant failed to appear in this suit, Plaintiff was not obligated under the Rules to serve him with a copy of the Motion for Default Judgment. Fed. R. Civ. P. 5(a)(2). Second, Defendant was not entitled to service of the Court's January 14, 2021 Order either. (*See generally* Default Judgment Order; *see also* ECF No. 38, "Opp'n Br." at 9 ("There is no court rule requiring that orders be served on defaulting parties, nor did Chief Judge Wolfson direct that order to be served (as opposed to the two subsequent orders to show cause that she did direct to be served). Plaintiff served the order on known addresses for Obadia *ex gratia*, not because it was required.").) Despite having no obligation to do so, Plaintiff did serve those papers on the valid registered address on file for Defendant at the time. (Opp'n Br. at 9–10.) The Court therefore rejects Defendant's service arguments.

[6] Plaintiff additionally argues that Defendant's Motion is "in essence a motion to vacate the judgment due to mistake, inadvertence, or excusable neglect" and that "relief cannot be sought on that ground under Rule 60(b)(6)." (Opp'n Br. at 21–22.) While Defendant does not clearly advance an argument under Rule 60(b)(1), if he did, the Motion would be time-barred by the statute's one-year limitation. *Est. of Hernandez v. Kretz*, Civ. No. 12-3152, 2015 WL 4392366, at *3 (D.N.J. July 15, 2015); *Days Inn Worldwide, Inc. v. Neil Kamal, Inc.*, Civ. No. 19-17175, 2022 WL 17340685, at *3 (D.N.J. Nov. 30, 2022)

"The court . . . may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) provides a series of situations under which a court may vacate default judgment. In relevant part, it includes a final, catch-all provision that states "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Third Circuit has held that under Rule 60(b)(6) a movant must demonstrate "extraordinary circumstances," which requires a showing of "extreme and unexpected hardship." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008). The court of appeals has also held that in the context of a Rule 60(b)(6) motion, a district court need not consider prejudice, purportedly meritorious defenses, culpability, or the effectiveness of alternative sanctions. *Johnson v. United States*, 375 F. App'x 273, 275 (3d Cir. 2010) (clarifying that these factors are applicable to motions under Rule 60(b)(1), but not ones brought under Rule 60(b)(6)).

Here, the Court first finds that the Motion is untimely because it was not brought within a reasonable time within the meaning of Rule 60(b)(6). It was filed over two and a half years after the order granting default judgment as to liability, and nearly two years after this Court's subsequent order awarding damages. District courts and the Third Circuit have regularly rejected as unreasonable this level of delay between judgment and a motion to vacate under Rule 60(b)(6). *See, e.g., Williams v. City of Erie Police Dept.*, 639 F. App'x 895, 898 (3d Cir. 2016) (affirming district court finding that motion filed seventeen months later was not brought within a reasonable time required by Rule 60(b)(6)); *Pritzker v. Sodexho, Inc.*, 493 F. App'x 309 (3d Cir. 2012) (same as to delay of two years and three months); *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987) (same as to delay of "nearly two years"); *Est. of Hernandez v. Kretz*, Civ. No. 12-3152, 2015 WL 4392366, at *3 (D.N.J. July 15, 2015) ("[The] motion was not filed within a reasonable time . . . [it] was filed nearly two years after judgment was levied against him.") (citing *Moolenaar*, 822 F.2d at 1348). Consistent with these decisions, the Court finds that the Motion was not filed within the reasonable time required under Rule 60(b)(6).

In addition, the Court finds that this case does not present the "extraordinary, and special circumstances" required to warrant vacatur under Rule 60(b)(6). While the Court is sensitive to the hardships that COVID-19 posed for many, Defendant's bald invocation of COVID-19 cannot suffice. He fails to articulate how COVID-19 prevented him from defending this case. Worse, when explaining his delay, Defendant does not discuss COVID-19 at all, but instead blames the attorney who, for reasons never provided, failed to ever appear. (Moving Br. at 4, 6–7.) The Court therefore rejects Defendant's suggestion that there were "extraordinary circumstances" simply because he defaulted, after being personally served with the summons and Complaint, during the COVID-19 pandemic. Courts in this district have rejected similarly vague attempts at reliance on the pandemic in this context. *See Miles v. Morris*, Civ. No. 17-2800, 2021 WL 2651144, at *3 (D.N.J. June 28, 2021) ("Plaintiff has entirely failed to explain why the pandemic stopped him from being able to pursue his action for over eight months . . . With no further information and no more detailed explanation to even consider, the Court simply cannot find that any of these claims demonstrate . . . extraordinary circumstances warranting relief from judgment."); *Green v. Kijakazi*, Civ. No. 18-11822, 2023 WL 3052729, at *4 (D.N.J. Apr. 21, 2023)

---

("Dressing up [a Rule 60(b)(1)] justification as a Rule 60(b)(6) argument would impermissibly circumvent subsection (b)(1)'s time limit.").

(citing *Miles*, 2021 WL 2651144, at *3).  Accordingly, the Court finds that Defendant has also failed to demonstrate the exceptional circumstances required for relief under Rule 60(b)(6).

For all of these reasons, the Court hereby **DENIES** Defendant's Motion to Vacate Default Judgment (ECF No. 32).

**IT IS SO ORDERED.**

ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE

4